UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:24-cv-00422-AW-MAF

TRULIEVE, INC., TRULIEVE CANNABIS
CORP., and TRULIEVE HOLYOKE
HOLDINGS, LLC,

    Plaintiffs,

v.

BERKSHIRE HATHAWAY HOMESTATE
INSURANCE COMPANY, and TRISURA
SPECIALTY INSURANCE COMPANY

    Defendants.
_____/

**AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

Trulieve, Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings, LLC (collectively "Trulieve"), sues Berkshire Hathaway Homestate Insurance Company ("Berkshire) and Trisura Specialty Insurance Company ("Trisura"), as follows.

**NATURE OF ACTION**

1. This is an action for declaratory relief and damages pursuant to 28 U.S.C. §§ 2201 and 2202 arising from Berkshire and Trisura's failure to defend their insureds in an underlying lawsuit styled *Laura Bruneau, as Personal Representative of the Estate of Lorna L. McMurrey v. Trulieve Cannabis Corp., Trulieve, Inc., Trulieve Holyoke Holdings, LLC, et. al*, Civil Action No. 23-0588, currently pending in the Superior Court of the Commonwealth of Massachusetts (the "McMurrey Lawsuit").

2. The McMurrey Lawsuit seeks liability against Trulieve, Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings, LLC for the death of Lorna McMurrey, a worker at a state-licensed cannabis production and cultivation facility located in Holyoke, Massachusetts.

3. Berkshire and Trisura sold insurance policies that are part of a broad and comprehensive commercial insurance program purchased by Trulieve intended to cover Trulieve and its affiliates against allegations and potential liability of the type alleged in the McMurrey Lawsuit.

4. Yet both Berkshire and Trisura have disclaimed their defense obligations, causing the Trulieve entities to fund their own defense.

## PARTIES, JURISDICTION, AND VENUE

5. Trulieve Cannabis Corp. and Trulieve, Inc, are corporations engaged all vertical aspects of the legal growing, harvesting, packaging, and sale of cannabis.

6. Trulieve, Inc. is a corporation organized under the laws of the state of Florida, with its principal place of business in Quincy, Florida.

7. Trulieve Cannabis Corp. is a corporation organized under the laws of Canada, with its principal place of business in Quincy, Florida.

8. Trulieve Holyoke Holdings, LLC is a limited liability company organized under the law of the Commonwealth of Massachusetts, and is a wholly owned subsidiary of Trulieve Holdings, Inc, a wholly owned subsidiary of Trulieve Cannabis Corp, with its principal place of business in Tallahassee, Florida.

9. Berkshire is an insurer organized under the laws of the state of Nebraska and having its principal place of business in Omaha, Nebraska. Berkshire regularly engages in the business of issuing policies of workers compensation and employers liability insurance across the United States, including in Florida.

10. Trisura is an insurer organized under the laws of the state of Oklahoma and having its principal place of business in Oklahoma City, Oklahoma. Trisura regularly engages in the business of issuing commercial general liability insurance policies across the United States, including in Florida.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

12. Personal jurisdiction exists under Florida's long-arm statute, section 48.193(1)(a), Florida Statutes, because both Berkshire and Trisura operate, conduct, and engage in a business in this state – including the marketing and sale of commercial insurance policies in this state to companies and citizens located in this state. In addition, both Berkshire and Trisura contracted to insure a citizen, property or risk located in this state at the time of contracting by issuing the insurance policies described herein to Trulieve in Florida.

13. The exercise of personal jurisdiction would also comport with due process because Berkshire and Trisura have sufficient minimum contacts with this state and has purposefully availed itself of the privilege of conducting activities in Florida by, among other things, registering to provide insurance in Florida, exploiting the

3

Florida insurance market, and entering into contractual relationships centered in Florida, including the contractual insurance relationships at issue in this action, and this action arises out of and relates to those contacts.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Trulieve's claims occurred in this district and a substantial part of the property at issue in this action is situated in this district. Specifically, the insurance policies described below were issued for delivery and delivered to Trulieve in this district, and Trulieve's headquarters is located in Tallahassee, Florida, within this district.

## FACTUAL BACKGROUND

*The Berkshire Workers Compensation and Employer Liability Policy*

15. Berkshire issued a workers' compensation and employer liability policy, bearing Policy No. TRWC326184, with a policy period from January 1, 2022 to January 1, 2023, to Trulieve, Inc. as the first named insured (the "Berkshire Policy.") A copy of the Berkshire Policy, including relevant endorsements, is attached as **Exhibit A**.

16. The Berkshire Policy names, by endorsement, "Trulieve" as a named insured. Ex. A., pg. 34 (SCHEDULE OF NAMED INSURED). Reasonably construed, and based on the information provided to Berkshire during the underwriting of the Berkshire Policy, "Trulieve" includes Trulieve Cannabis Corp. and Trulieve Holyoke Holdings, LLC such that both entities are insureds under the Berkshire Policy. In fact, until recently, Berkshire acknowledged that Trulieve, Inc.,

4

Trulieve Cannabis Corp., and Trulieve Holyoke Holding, LLC are all insureds under the Berkshire Policy.

17. The Berkshire Policy provides workers' compensation and employer liability coverage. The employer liability coverage has limits for bodily injury by accident or disease of $1 million.

18. Trulieve paid the full premium - more than $3.1 million - charged by Berkshire for the Berkshire Policy and satisfied all other conditions to maintaining the Berkshire Policy in full force and effect at all relevant times.

19. As relevant here, the Berkshire Policy provides two types of coverage. The first is "Part One – Workers Compensation Coverage" which "applies to bodily injury by accident or bodily injury by disease" including bodily injury resulting in death, so long as such bodily injury occurs during the policy and is "caused or aggravated by the conditions of your employment." Ex. A, pg. 61. Berkshire promised to "pay promptly when due the benefits required of you by the workers compensation law" and Berkshire has "the right and duty to defend at (Berkshire's) expense any claim, proceeding or suit against (Trulieve) for the benefits payable by this insurance." Ex. A., pg. 61.

20. Part Two of the Berkshire Policy is specifically underwritten and structured to apply where workers' compensation benefits are unavailable. Specifically, it "applies to bodily injury by accident or…disease." That bodily injury "must arise out of and in the course of the injured employee's employment by (Trulieve)." It must also occur during the policy period, and "must be caused or

5

aggravated by the conditions of your employment." As with Part One, under Part Two, Berkshire has "the right and duty to defend, at (Berkshire's) expense, any claim, proceeding or suit against (Trulieve) for damages payable by this insurance." Ex. A, pg. 62-63.

21. Both Part One and Part Two of the Berkshire Policy apply to work performed in Massachusetts. In fact, the Holyoke, Massachusetts location involved in the McMurrey Lawsuit is listed as Location #196 on the List of Locations included by Berkshire in the Berkshire Policy.

*The Trisura Commercial General Liability Policy*

22. Trisura issued a commercial package policy, bearing Policy No. TRQSGL001482-00, with effective dates of November 1, 2021 to November 1, 2022, and with Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC included as named insureds (the "Trisura Policy). A copy of the Trisura Policy is attached as **Exhibit B**.

23. The Trisura Policy includes commercial general liability (CGL) coverage with limits of $10 million per occurrence and $10 million in the aggregate.

24. Specifically, Trisura promises to "pay those sums that the insured becomes legally obligated to pay because of 'bodily injury'…to which this insurance applies." Trisura has "the right and duty to defend any suit seeking those damages." Ex. B, pg. 21.

25. In order to be covered, the bodily injury described in the Trisura policy must be "caused by an occurrence." Ex. B, pg. 21.

26. "Bodily injury" is defined by the Trisura Policy to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. B, pg. 35.

27. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B., pg. 37.

*The McMurrey Lawsuit*

28. On November 20, 2023, Laura J. Bruneau as the personal representative of the Estate of Lorna L. McMurrey instituted an action in the Superior Court of Massachusetts, Hampden County, docketed as No. 23-0588, against Trulieve for wrongful death, breach of warranty, and survival claims on account of the death of Ms. McMurrey allegedly due to exposure to cannabis dust generated during a cannabis flower grinding process during production the Holyoke, Massachusetts facility. A copy of the Complaint in the McMurrey Lawsuit is attached as **Exhibit C**.

29. The McMurrey Lawsuit alleges that on January 4, 2022, Lorna McMurrey collapsed for the second time "in a matter of months" while working at the Trulieve facility located in Holyoke, Massachusetts following a severe asthma attack "as a result of exposure to hazardous airborne ground cannabis dust and/or mold." Ex. C., para. 1.

30. The McMurrey Lawsuit alleges that Ms. McMurrey began working at the Holyoke facility in 2021, and was employed by Life Essence, Inc. at all relevant times.

7

Indeed, the complaint alleges that Life Essence "is the only employer listed on Ms. McMurrey's W-2 Form." Ex. C., para. 12.

31.     The complaint also alleges that Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC "owned or operated" the Holyoke facility, and the Trulieve Cannabis Corp. wholly owned Life Essence. Ex. C., para. 13, 14.

32.     These same entities allegedly "created, controlled, and provided the protocols, policies, and procedures, as well as the operational business and safety plans, for the Facility and Life Essence." Ex. C., para. 15.

33.     The complaint alleges that on or around October 1, 2021, Ms. McMurrey was assigned to work in the "pre-roll" production room as a technician, where she would place cannabis product into grinding machines to break it down into smaller matter. The complaint alleges that workers would take the ground cannabis and place into a separate "pre-roll" machine, which shook the product into tubes, creating pre-roll joints, which were then placed into Trulieve branded packaging. Ex. C., para. 17, 19, 20, 21.

34.     The complaint alleges that the grinding machines "emitted substantial amounts of airborne cannabis dust and particles," and that this material would "cover workers (including Ms. McMurrey) from head to toe." These particles are also known as "kief," which is a sticky, crystalline substance resulting from grinding cannabis flowers. Ex. C., para. 22, 23, 24.

35. According to the complaint, Ms. McMurrey was hospitalized following an asthma attack that occurred in the "pre-roll" room in November 2021, but returned to work the following day. Ex. C., para. 27-31.

36. Later, on January 4, 2022, Ms. McMurrey allegedly began experiencing serious breathing difficulties, and collapsed, also while working the "pre-roll" room. After being hospitalized, she passed away on January 7, 2022. OSHA investigators allegedly determined that Ms. McMurrey died of "occupational asthma due to exposure to ground cannabis." Ex. C., para. 32-34.

37. As to the Trulieve entities named in the McMurrey Lawsuit, the complaint alleges that they "provided marketing, branding, business and operational plans and procedures" to Life Essence, who was licensed by Massachusetts as a marijuana business. Ex. C., para. 38

38. Those same Trulieve entities are alleged to have provided Life Essence with "cannabis cultivate and manufacturing safety rules, regulations, manuals and/or guidelines for workers, and that Ms. McMurrey "was never provided any particularized safety training, or any information as to the risks of airborne cannabis dust or mold." Ex. C., para. 39-40.

39. The McMurrey Lawsuit alleges that the "Trulieve Defendants knowingly and negligently exposed Life Essence worker to a hazardous work environment by failing to provide and/or require Life Essence, Inc. to comply with, the proper safety plans, policies and procedures for workers," and the "Trulieve Defendants…failed to implement across all of Trulieve's subsidiaries appropriate preventative and safety

9

measures with respect to protecting workers against the airborne cannabis dust/mold." Ex. C., para 41, 45.

40. Ms. McMurrey's estate seeks damages against Trulieve Cannabis Corp., Trulieve, Inc., and Trulieve Holyoke Holdings LLC for wrongful death/negligence (Count I); wrongful death – breach of warranties (Count II); wrongful death-gross negligence, recklessness, and willful and wanton misconduct (Count IV); along with survival claims (Count V). Ex. C., pgs. 7-11.

### *Berkshire's handling of the McMurrey estate's claim for funeral expenses*

41. Following her death, Ms. McMurrey's representatives sought employee funeral benefits as authorized under Massachusetts workers compensation laws, namely Massachusetts General Laws, Chapter 152, §13, for employees dying in the course and scope of their employment.

42. Berkshire responded to the claim for funeral benefits made against Trulieve Holyoke Holdings LLC and hired attorneys to represent Trulieve in connection with the claim as provided by the coverage of the Berkshire Policy.

43. At no time during the course of the DIA proceedings for funeral expenses did Berkshire question whether Trulieve Holyoke Holdings LLC was an insured under the Berkshire Policy or that Trulieve Holyoke Holdings LLC employed Ms. McMurrey.

44. Instead, Berkshire told Trulieve that it would settle the claim for funeral expenses by entering into what is known as a Section 19 Agreement and paying the

full amount of funeral benefits potentially available under Massachusetts workers compensation law on account of Ms. McMurrey's death.

45. Ultimately, Berkshire did enter into the Section 19 Agreement, which was approved by the DIA, and paid the full amount of the agreed funeral benefits; the Section 19 Agreement on a "without prejudice" basis.

*Berkshire and Trisura's Refusal to Defend the McMurrey Lawsuit*

46. The McMurrey Lawsuit was filed after the Section 19 Agreement was concluded and funeral benefits provided to the Estate, and Trulieve tendered the McMurrey Lawsuit to Berkshire and Trisura and requested a defense against the claims presented therein.

47. On November 30, 2023, Berkshire sent correspondence to Trulieve stating that based on the terms of the Berkshire Policy and the allegations of the McMurrey Lawsuit, Berkshire had no duty to defend or indemnify the Trulieve defendants, because: (a) the action did not plead that Trulieve was Ms. McMurrey's employer, (b) the action was initiated in Superior Court, rather than being an workers compensation administrative proceeding before the DIA, and (c) the action sought damages at common law as opposed to benefits established and authorized by the Massachusetts workers compensation laws.

48. Additionally, Berkshire took the position that, because the complaint alleged that Life Essence, Inc. was Ms. McMurrey's employer and the only entity identified on her W-2 form, the "Trulieve Defendants are the alleged owner and/or operator of the premises, not Decedent's employer."

11

49. Although denying defense or indemnity coverage for the McMurrey Lawsuit, Berkshire did acknowledge that it provided coverage to the "Trulieve Defendants," which it expressly identified as Trulieve Cannabis Corp., Trulieve, Inc., and Trulieve Holyoke Holdings LLC.

50. On January 16, 2024, Trisura denied its defense and indemnity obligations in relation to the McMurrey Lawsuit.

51. Trulieve has retained counsel at its own expense to defend against the McMurrey Lawsuit, and neither Berkshire nor Trisura have agreed to pay a reasonable fee for that defense.

## GENERAL ALLEGATIONS

52. All conditions precedent to bringing this action and to obtaining coverage under the Berkshire and Trisura Policies have been substantially performed, satisfied, or waived.

53. Trulieve has engaged the undersigned firm to represent it in this action, and has agreed to pay a reasonable fee for its services.

54. Florida law applies to the interpretation of the insurance policies at issue in this action.

## COUNT I – DECLARATORY JUDGMENT AGAINST BERKSHIRE

55. Trulieve re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. This is an action for declaratory relief declaring the rights and legal relations of the parties and for further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202.

57. The Berkshire Policy requires Berkshire to defend and indemnify Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC against any suit seeking damages because of bodily injury, as set forth herein.

58. The McMurrey Lawsuit triggers Berkshire's duty to defend under Part Two of the Berkshire Policy.

59. More specifically, the McMurrey Lawsuit alleges sufficient facts that, if taken as true and construed in favor of Trulieve with all doubts resolved in favor of coverage, allege that McMurrey was employed by one or more of Trulieve Inc, Trulieve Cannabis Corp., or Trulieve Holyoke Holdings LLC, and that Ms. McMurrey suffered bodily injury during the Berkshire Policy period and within the territory for which the Berkshire Policy provides coverage.

60. At minimum, the McMurrey Lawsuit alleges claims which are partially within and partially outside the coverage of the Berkshire Policy, thereby obligating Berkshire to fully and completely defend the entire suit, at its own expense.

61. Yet Berkshire has refused and continues to refuse to provide any of the Trulieve entities with a defense in the McMurrey Lawsuit and has disclaimed coverage under the Berkshire Policy.

62. Berkshire and Trulieve therefore disagree as to:

    a. Whether and to what extent Berkshire has a duty to defend the McMurrey Lawsuit under the Berkshire Policy;

    b. Whether and to what extent Berkshire is required to reimburse Trulieve for defense expenses already paid or incurred by Trulieve in defending

the McMurrey Lawsuit.

63. Based on the disputes outlined above, there is a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

64. Accordingly, an actual and justiciable controversy exists between Trulieve and Berkshire for which a declaratory judgment setting forth the parties' respective rights and obligations under the Berkshire Policy is appropriate.

**WHEREFORE**, Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC pray for entry of judgment against Berkshire Hathaway Homestate Insurance Company:

(1) declaring the rights and interests of the parties in the issues and for the reasons described above, including but not limited to declaring that Berkshire is in breach of its defense obligations under the Berkshire Policy as related to the McMurrey Lawsuit;

(2) declaring that Trulieve complied with its obligations under applicable law to obtain workers' compensation insurance coverage as it relates to the facility in Holyoke, Massachusetts where Ms. McMurrey performed work;

(3) declaring that Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC are insureds under the Berkshire Policy; or in the alternative, that Berkshire has waived and is estopped from denying that Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings

        LLC are insureds under the Berkshire Policy;

(4)    if necessary to provide full relief, awarding damages to Trulieve to the extent it has paid or agreed to pay any sums that should be paid by Berkshire, including interest as provided by law;

(5)    awarding attorney's fees and costs incurred in prosecuting this action pursuant to sections 627.428 and/or 626.9373, Florida Statutes; and

(6)    any other relief the Court deems appropriate.

## COUNT II – DECLARATORY JUDGMENT AGAINST TRISURA

65.    Trulieve re-alleges paragraphs 1 through 54 as if fully set forth herein.

66.    This is an action for declaratory relief declaring the rights and legal relations of the parties and for further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202.

67.    The Trisura Policy requires Trisura to defend and indemnify Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC against any suit seeking damages because of bodily injury, as set forth herein.

68.    The McMurrey Lawsuit triggers Trisura's duty to defend under the CGL coverage of the Trisura Policy.

69.    More specifically, the McMurrey Lawsuit alleges sufficient facts that, if taken as true and construed in favor of Trulieve with all doubts resolved in favor of coverage, allege that McMurrey was not employed by one or more of Trulieve Inc, Trulieve Cannabis Corp., or Trulieve Holyoke Holdings LLC, and that Ms. McMurrey

15

suffered bodily injury caused by an occurrence during the Trisura Policy period and within the territory for which the Trisura Policy provides coverage.

70. At minimum, the McMurrey Lawsuit alleges claims which are partially within and partially outside the coverage of the Trisura Policy, thereby obligating Trisura to fully and completely defend the entire suit, at its own expense.

71. Yet Trisura has refused and continues to refuse to provide any of the Trulieve entities with a defense in the McMurrey Lawsuit and has disclaimed coverage under the Trisura Policy.

72. Trisura and Trulieve therefore disagree as to:

 a. Whether and to what extent Trisura has a duty to defend the McMurrey Lawsuit under the Trisura Policy;

 b. Whether and to what extent Trisura is required to reimburse Trulieve for defense expenses already paid or incurred by Trulieve in defending the McMurrey Lawsuit.

73. Based on the disputes outlined above, there is a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

74. Accordingly, an actual and justiciable controversy exists between Trulieve and Trisura for which a declaratory judgment setting forth the parties' respective rights and obligations under the Trisura Policy is appropriate.

**WHEREFORE**, Trulieve Inc., Trulieve Cannabis Corp., and Trulieve Holyoke Holdings LLC pray for entry of judgment against Trisura Specialty Insurance Company:

(1) declaring the rights and interests of the parties in the issues and for the reasons described above, including but not limited to declaring that Trisura is in breach of its defense obligations under the Trisura Policy as related to the McMurrey Lawsuit;

(2) if necessary to provide full relief, awarding damages to Trulieve to the extent it has paid or agreed to pay any sums that should be paid by Trisura, including interest as provided by law;

(3) awarding attorney's fees and costs incurred in prosecuting this action pursuant to sections 627.428 and/or 626.9373, Florida Statutes; and

(4) any other relief the Court deems equitable, just, and proper.

Dated: November 25, 2024

Respectfully Submitted,

**REED SMITH LLP**
200 S. Biscayne Blvd., Suite 2600
Southeast Financial Center
Miami, FL 33131
Telephone: (786) 747-0222
Facsimile: (786) 747-0299

*/s/ Matthew B. Weaver*
**Matthew B. Weaver**
Florida Bar No. 42858
mweaver@reedsmith.com

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ *Matthew B. Weaver*
**Matthew B. Weaver**