UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRULIEVE, INC., TRULIEVE
CANNABIS CORP., and
TRULIEVE HOLYOKE
HOLDINGS, LLC,

               Plaintiffs,

v.                              CASE NO.  4:24-cv-00422-AW-MAF

BERKSHIRE HATHAWAY
HOMESTATE INSURANCE
COMPANY and TRISURA
SPECIALTY INSURANCE
COMPANY,

               Defendants.

_____/

**DEFENDANT BERKSHIRE HATHAWAY HOMESTATE
INSURANCE COMPANY'S RULE 12 MOTIONS TO DISMISS
THE AMENDED COMPLAINT (D.E.11) AND ALTERNATIVE
MOTIONS TO CHANGE VENUE AND TO STRIKE PORTIONS**

Defendant BERKSHIRE HATHAWAY HOMESTATE INSURANCE

COMPANY ("BHHIC"), by and through its undersigned counsel, and pursuant to

Federal Rule of Civil Procedure Rule 12(b)(1), (b)(3), (b)(6), (b)(7), 12(e), 12(f),

and 28 U.S.C. § 1404, hereby moves to dismiss the Amended Complaint (D.E. 11)

for failure to state a claim and improper venue.  BHHIC also moves to dismiss the

Amended Complaint as to Plaintiffs Trulieve Cannabis Corp. (hereinafter,

"Cannabis") and Trulieve Holyoke Holdings, LLC ("hereinafter "Holyoke") for lack

of standing and subject matter jurisdiction, and for failure to state a cause of action. Alternatively, BHHIC moves to change venue to the United States District Court for the District of Massachusetts, Western Division. BHHIC also moves to strike the allegations seeking to establish an insured status by waiver and estoppel and moves to strike the demand for attorneys' fees.

## Basis for the Request

### *The Allegations of the Amended Complaint*

1.    BHHIC issued to Trulieve, Inc. (hereinafter, "Trulieve") a Workers Compensation and Employers Liability Insurance Policy bearing policy number TRWC326184 which provided coverage according to the policy's express terms and conditions (hereinafter the "Policy"). (D.E. 11 at 4, ¶ 15, at 5 ¶ 17)(D.E. 11-1).  The Policy names Trulieve as an insured.  The Policy does not name Cannabis or Holyoke as insureds.[1]

2.    The Amended Complaint seeks declaratory relief that the Policy obligates BHIIC to defend and indemnify Plaintiffs in connection with a wrongful death lawsuit pending against them in Massachusetts state court brought by the

---

[1] At issue is BBHIC's duties under the Policy in effect on the date of loss in January of 2022. (D.E. 11-3 at 7, ¶ 1).  The Policy attached as Exhibit A is not the current, complete policy issued by BHHIC.  The Policy omits an endorsement which added Trulieve Holyoke Holdings, LLC as an insured effective October 28, 2022, more than 10 months after the date of loss that forms the basis of the Massachusetts Lawsuit.

Personal Representative of the Estate of Lorna L. McMurrey, the decedent ("the "Massachusetts Lawsuit"). (D.E. 11 at 1, ¶¶ 1, 2)(D.E 11-3).

3.    The Massachusetts Lawsuit, attached as Exhibit C to the Amended Complaint, asserts claims against Plaintiffs pursuant to the Massachusetts Wrongful Death Act in connection with the death of Ms. McMurrey due to an asthma attack allegedly caused by exposure to mold and cannabis dust while working at a production facility in Holyoke, Massachusetts, owned and/or operated by Plaintiffs. (D.E. 11-3, Ex. C, at 7 ¶2, at 9, 10, 13, 14). The Massachusetts Lawsuit asserts the decedent, who worked at the Holyoke facility, was an employee of non-party Life Essence, Inc., (D.E. 11-3, Ex. C, at 9 ¶ 12), and that Plaintiffs, as owners and operators of the facility, negligently failed to properly ventilate the facility or implement procedures to minimize the risk of mold and dust exposure to persons working at the facility. (D.E. 11-3, Ex. C, at 9, ¶ 13, at 11 - 15 ¶ 70).

4.    The Amended Complaint asserts that coverage exists under the Policy, at least in part, as to the claims asserted against Plaintiffs in the Massachusetts Lawsuit but BHHIC denied defense and indemnity obligations and disclaimed coverage. (D.E. 11 at 12, ¶¶ 49, 52, at 13, ¶¶ 57, 59, 60, 61).

5.    The Amended Complaint not only seeks a declaratory judgment as to the "rights and interests" of the parties to the Policy, including the duty to defend the Massachusetts Lawsuit, but also seeks a declaration that "Trulieve complied with its

3

obligations under applicable law to obtain workers' compensation insurance coverage as it relates to the facility in Holyoke, Massachusetts where Ms. McMurrey performed work," and a declaration that all three Plaintiffs are insureds under the Policy or that "Berkshire has waived and is estopped from denying" that all three are insureds. (D.E. 11 at 14, Wherefore Clause).

6.    The Amended Complaint asserts that, although Cannabis and Holyoke are separate legal entities and not named as insureds on the Policy as of the date of loss, they are nonetheless entitled to coverage under the Policy for the Massachusetts Lawsuit because the Policy should be "reasonably construed" to include Cannabis and Holyoke as named insureds "based on the information provided to Berkshire during the underwriting of the Berkshire Policy." (D.E. 11, at 2, ¶¶ 6-8, at 4, ¶16).

7.    The Amended Complaint also asserts that BHHIC should be "waived or estopped" from denying coverage for the claims asserted against Cannabis and Holyoke in the Massachusetts Lawsuit because BHHIC responded to and resolved a claim for funeral expenses from decedent's estate brought against Holyoke pursuant to Massachusetts Workers Compensation Law. (D.E. 11, at 2, ¶¶ 15, 16, at 10, ¶¶ 41-44, at 11, ¶¶ 45).

***The Policy***

8.    As mentioned above, the Policy identifies the insured as Trulieve, Inc.,

(D.E. 11-1 at 22 & 35), and does not identify Cannabis or Holyoke as insureds. (D.E.

11-1 at 22 & 35).

9.    The Policy defines insured as follows:

> **B.  Who is Insured**
> You are insured if you are an employer named in Item 1
> of the Information Page. If that employer is a partnership,
> and if you are one of its partners, you are insured, but only
> in your capacity as an employer of the partnership's
> employees. (D.E. 11-1 at 62).

10.    The Policy provides two types of insurance coverage. Part One is

Workers Compensation Insurance and Part Two is Employers Liability Insurance.

(D.E. 11-1 at 63, 64).

11.    Under Part One's insuring agreement, BHHIC agrees to "pay promptly

when due the benefits required of [an insured] by the workers compensation law."

"Workers Compensation Law" is a defined term:

> **C.  Workers Compensation Law**
> Workers Compensation Law means the workers or
> workmen's compensation law and occupational disease
> law of each state or territory names in Item 3.A of the
> Information Page. It includes any amendments to that law
> which are in effect during the policy period. It does not
> include any federal workers or workmen's compensation
> law, any federal occupational disease law or the provisions
> of any law that provide nonoccupational disability
> benefits. (D.E. 11-1 at 62).

The Policy has provisions conforming the insurance to the applicable workers compensation law. (D.E. 11-1 at 63).

12.    Under the terms and conditions of Part Two - Employers Liability Insurance, coverage applies to bodily injury claims that "arise out of and in the course of the injured employee's employment by you."  (D.E. 11-1 at 63)(D.E. 11, at 6 ¶ 20).

13.    If the Policy's insured [Trulieve, Inc.] is a Massachusetts employer of the claimant, the Policy provides coverage with Massachusetts specific endorsements pursuant to Massachusetts law and requirements. (D.E. 11-1 at 62-63, 158-68).

14.    The Policy includes a duty to defend. However, the duty to defend does not extend to "a claim, proceeding or suit that is not covered by this insurance." (D.E. 11-1 at 62, 64).

**The Massachusetts Lawsuit**

15.    According to the Amended Complaint, Plaintiffs are defendants in a wrongful death tort action filed in the Superior Court, Trial Court Department, Hampton County, Commonwealth of Massachusetts, by the claimant, a Massachusetts resident serving as the Personal Representative of the Estate of Lorna E. McMurrey ("the Massachusetts Lawsuit"). The Massachusetts Lawsuit asserts claims pursuant to the Massachusetts Wrongful Death act arising from the death of

Lorna McMurrey related to an incident which occurred while the decedent was working at a Holyoke, Massachusetts facility. (D.E. 11 at 7-8, ¶¶ 28-31))(D.E. 11-3 at 6, 7).

16.    The Massachusetts Lawsuit asserts that decedent Lorna McMurrey was the employee of non-party Life Essence, Inc., (D.E. 11 at 7-8, ¶ 30, citing Ex. C, ¶ 12)(D.E. 11-3 at 9, ¶ 12), and that Plaintiffs, as owners and operators of the facility, negligently failed to properly ventilate it or implement procedures to minimize the risk of mold and dust exposure to persons working at the facility. (D.E. 11-3, Ex. C, at 9, ¶ 13, at 11 - 15 ¶ 70).  The Massachusetts Lawsuit does not allege that the decedent was an employee of any of the Plaintiffs in this matter.

***The Claims Asserted and Relief Sought by the Amended Complaint***

17.    The Amended Complaint asserts that BHHIC disclaimed coverage and wrongfully denied its duty to defend and indemnify the Plaintiffs in the Massachusetts Lawsuit. (D.E. 11 at 12-13, ¶¶ 49, 57, 59- 61).

18.    The Amended Complaint asserts that the allegations of the Massachusetts Lawsuit should be "construed in favor of Trulieve" such that the decedent is deemed an employee of one of the Plaintiffs so that the Policy provides coverage. (D.E. 11 at 13, ¶ 59).

19.    The Amended Complaint asserts that the Massachusetts Lawsuit alleges claims at least "partially within" coverage, and that therefore BHHIC owes Plaintiffs a defense of the Massachusetts Lawsuit. (D.E. 11 at 13-14, ¶¶ 59, 60, 61).

20.    The Amended Complaint also seeks a declaration that "Trulieve complied with its obligations under applicable law to obtain workers' compensation insurance coverage as it relates to the facility in Holyoke, Massachusetts where Ms. McMurrey performed work," and that all three Plaintiffs are insureds under the BHHIC policy or that "Berkshire has waived and is estopped from denying" that all three are insureds.  (D.E. 11 at 14, Wherefore Clause).

***Motions Directed to the Amended Complaint***

21.    The Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to all Plaintiffs. As a matter of law, the Policy does not obligate BHHIC to defend or indemnify an insured where there is no allegation that the injured party was an employee of an insured.  On this basis, the Amended Complaint fails to state a viable claim because 1) Plaintiffs Holyoke and Cannabis are not insureds under the Policy; and 2) even if all Plaintiffs were insureds under the Policy (they are not), there is no claim asserted against them for injuries to their employee.  Specifically, the Massachusetts Lawsuit contains no allegation against any Plaintiff that the decedent was their employee.

22.     In addition, the claims asserted by Cannabis and Holyoke should be dismissed for failure to state a cause of action for declaratory relief pursuant to Rule 12(b)(6), not only because they are not alleged to be employers, but also because these entities are not insureds under the Policy.

23.     Furthermore, the claims asserted by Cannabis and Holyoke seeking to establish they are insureds by principles of waiver and estoppel based upon actions and statements made outside of the Policy, including the handling of a Massachusetts funeral benefit claim, do not rest upon the terms of the Policy such that declaratory relief as to the Policy does not lie.

24.     The Amended Complaint should also be dismissed for failure to state a cause of action insofar as it seeks a declaration from this Court regarding Plaintiffs' compliance with Massachusetts law to obtain workers' compensation insurance coverage.

25.     The Amended Complaint likewise should be dismissed pursuant to Rule 12(b)(1) as to Plaintiffs Cannabis and Holyoke because it fails to allege sufficient facts to show an actual justiciable controversy exists between them and BHHIC such that no subject matter jurisdiction exists.  Plaintiffs Cannabis and Holyoke were not insureds under the Policy at the time of decedent's death and, thus, they have no standing to seek a declaration as to a contract to which they are not a party or beneficiary.

26.    The Amended Complaint should likewise be dismissed pursuant to Rule 12(b)(3) for improper venue.  Venue is not proper in the Northern District of Florida pursuant to 28 U.S.C § 1391(b)(2) as the "substantial part of the events or omissions giving rise to the claim" occurred in Massachusetts.  Massachusetts, not Florida, is where the tort liability claim arose, where the tort litigation is pending, and where BHHIC's actions at issue - declining to defend the Massachusetts lawsuit and entering into the Massachusetts Section 19 Agreement under Massachusetts workers compensation law – occurred.  Furthermore, the Policy includes Massachusetts coverage provisions specific to Massachusetts industrial injuries and Massachusetts employers.

27.    Alternatively, this action should be transferred to the Western Division of the United States District Court for the District of Massachusetts for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404.

28.    The Amended Complaint should also be dismissed in its entirety pursuant to Rule 12(b)(7) for failure to join the McMurrey Lawsuit claimant, who is an indispensable party under Rule 19.  The Amended Complaint seeks for this Court to declare there is coverage under the Policy on the premise that the decedent in the Massachusetts Lawsuit should be deemed an employee of Plaintiffs.  (D.E. 11 at 13, ¶ 59, at 14, Wherefore clause).  Declaring the decedent an employee of Plaintiffs in

the absence of the decedent's representative in this lawsuit would necessarily impair the ability of the estate to protect its interests – namely, the recourse available for decedent's death. Furthermore, such a declaration would be inconsistent with the allegations made in the Massachusetts Lawsuit that the decedent was singularly employed by a non-party, Life Essence. (D.E. 11-3 at 9, ¶12).

29.    As the allegations of the Amended Complaint do not contain any basis by which this Court could exercise jurisdiction over the Massachusetts resident serving as personal representative of the Massachusetts Estate such that joinder would be feasible, and Plaintiffs do not plead reasons for non-joinder as required by Rule 19(c), this action should also be dismissed pursuant to Rule 12(b)(7).

30.    In the unlikely event the Amended Complaint is not dismissed in its entirety, the allegations seeking to establish coverage by waiver and estoppel in paragraphs 16, 41-45, 49 and the Wherefore clause (3) on page 14 should be stricken as there is no legal basis to litigate waiver and estoppel. The allegations by Cannabis and Holyoke seeking to have them become insureds by waiver or estoppel based upon actions and representations outside of the Policy are impertinent and immaterial to  an action seeking a declaration as to the duties of BHHIC under the Policy and should be stricken pursuant to Rule 12(f).

31.    Additionally, the Amended Complaint requests attorneys' fees in paragraph 53 and Wherefore clause (5) on page 18 under repealed Florida statutes,

section 627.428 and 626.9373, and the request for attorneys' fees must likewise be stricken.

WHEREFORE, Defendant BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY respectfully requests this Court enter an order dismissing the Amended Complaint, or alternatively dismissing it in part, striking it in part, or transferring venue to the Western Division of the United States District Court for the District of Massachusetts as set forth herein.

## MEMORANDUM OF LAW IN SUPPORT

### A.  The Amended Complaint Should be Dismissed in Full for Failure to State a Cause of Action

The Amended Complaint fails to state a claim upon which declaratory relief could be granted.  In this diversity action, this Court is to apply state law to the substantive issues, and federal law to the procedural issues, including whether the Court may render a declaratory judgment. *See, e.g., Ebsco Gulf Coast Dev. v. Salas,* No. 3:15cv586/MCR/EMT, 2016 U.S. Dist. LEXIS 203271, *24 (N.D. Fla. Sep. 29, 2016). Since 28 U.S.C. § 2201 is procedural, it governs this action. *Id.*

No claim for declaratory relief can be adjudicated when a plaintiff has not pled what contractual term or provision is ambiguous and needs construction. *Saltponds Homeowners Ass'n, Inc. v. Rockhill Ins. Co.,* No. 20-10063-Civ-Martinez-Bacerra, 2021 U.S. Dist. LEXIS 142014, at *5, 2021 WL 3284841, *2 (S.D. Fla. July 29, 2021)("Under the Federal Declaratory Judgment Act, a plaintiff

must also 'plead that a contractual term or provision is ambiguous and needs construction.'"); *Tiro Beachwear, Inc. v. Foremost Ins. Co.*, No. 620-cv-425-ORL-22DCI, 2020 U.S. Dist. LEXIS 189388, *7, 2020 WL 5983830, *3 (M.D. Fla. April 8, 2020).

Interpretation of insurance contracts is governed by state substantive law. *Sphinx Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005). Plaintiff has asserted that Florida Law applies. Under Florida choice of law principles, the law of the state where the contract was executed controls the rights and liability of the parties. *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006)(citing *Sturiano v. Brooks*, 523 So. 2d 1126, 1129 (Fla. 1988). Under Florida law, the interpretation of an insurance contract is a matter of law based upon the express terms of the contract, *Coleman v. Florida Ins. Guaranty Association*, 517 So. 2d 686, 690 (Fla. 1988), with policies construed in accordance with their plain language as bargained for by the parties. *Prudential Property & Cas. Ins. Co. v. Swindal*, 622 So. 2d 467, 470 (Fla. 1993). The "interpretation of an insurance contract is a question of law, to be decided by the court." *Florida Farm Bureau Gen. Ins. Co. v. Fisher*, 859 So. 2d 557, 558 (Fla. 1st DCA 2003)(citation omitted); *see also Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985). The reasonable expectation of an insured is not a consideration. *Deni Assocs. v. State Farm Fire & Cas. Ins. Co.*, 711

So. 2d 1135, 1140 (Fla. 1998). A complaint can be dismissed pursuant to Rule 12(b)6) on the basis of a dispositive issue of law. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991).

Plaintiffs attached as an exhibit to the Amended Complaint the Policy it asserts obligates BHHIC to defend and indemnify them in the Massachusetts Lawsuit. The Policy is part of the pleading and can be considered in a motion to dismiss. Fed. R. Civ. Pro 10(c); *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985). The terms of the exhibit control over the allegations of the complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."); *see also Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern").

In determining whether an insurer has a duty to defend an insured under Florida law, an "eight corner rule applies" in which the four corners of the lawsuit and the four corners of the policy are considered in determining whether the "complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Travelers Indem. Co. v. Richard McKenzie & Sons, Inc.,* 10 F.4th 1255,

1261 (11th Cir. 2021)(cleaned up); *Mid-Continent Cas. Co. v. Royal Crane, LLC,* 169 So. 3d 174, 182 (Fla. 4th DCA 2015). For the duty to exist, the complaint must "fairly and potentially bring the suit within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n,* 908 So. 2d 435, 442-43 (Fla. 2005).

The Policy provides coverage to Trulieve, Inc., under coverage Parts One and Two only where an insured is an employer of the injured employee, with Part One providing Workers Compensation coverage and Part Two providing coverage for employers for bodily injury claims that "arise out of and in the course of the injured employee's employment by you." (D.E. 11 at 5, ¶¶ 17, 20)(D.E. 11-1 at 63). Thus, the Policy only covers Trulieve, Inc., as an employer, and not for liability claims as a facility owner or operator. The Amended Complaint recognizes that for coverage to apply, Plaintiffs must be employers of the McMurrey decedent. The Amended Complaint erroneously asserts that BHHIC's duty to defend was triggered because the Massachusetts Lawsuit "allege[s] that McMurrey was employed by one or more of Trulieve, Inc., Trulieve Cannabis Corp., or Trulieve Holyoke Holdings, LLC" and suffered bodily injury "for which the Berkshire Policy provides coverage." (D.E. 11 at 13, ¶ 59). Importantly, and fatally to Plaintiffs' claims for coverage, the express allegations of the Massachusetts Lawsuit unequivocally and expressly assert that non-party Life Essence, Inc., was the McMurrey decedent's sole employer. (D.E. 11-3 at 9, ¶ 12). The Massachusetts Lawsuit makes no allegation that any Plaintiff

in this action was an employer of the decedent. Indeed, the express claims against Plaintiffs in the Massachusetts Lawsuit are not based upon Ms. McMurrey's status as an employee of any of the Plaintiffs. No duty to defend the Massachusetts Lawsuit exists as the Plaintiffs are not being sued as employers. *See, e.g., Emp'r Ins. Co. of Wausau v. Pool,* No. 22-13249*, 2023 U.S. App. LEXIS 16344, \*6, 2023 WL 4230892 (11th Cir. June 28, 2023)(nonpublished)(affirming dismissal of declaratory judgment action as to duty to defend under eight corners rule).

No coverage is afforded under the Policy to Plaintiffs for the Massachusetts Lawsuit claims as a matter of law. The duty to defend the Massachusetts Lawsuit is not triggered. Hence, the Amended Complaint should be dismissed.

   B. *The Claims by Plaintiffs Cannabis and Holyoke Do Not Present an Actual Controversy and Fail to State a Justiciable Cause of Action*

A declaratory judgment may only be issued in the case of an actual controversy which is immediate, substantial, and continuing, creating a definite threat of future injury. *See, e.g., Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.,* 68 F.3d 409, 414 (11th Cir. 1995); *Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir. 1985). The plaintiff bears the burden of establishing Article III standing elements as to each claim and each form of relief. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S. Ct. 2759, 2769, 171 L. Ed. 2d 737, 748 (2008) (cleaned up). No actual controversy is pled as to Cannabis and Holyoke as they are not insureds under the express terms of the Policy. Instead, Cannabis and Holyoke assert

16

that BHHIC should be estopped from asserting, or has waived the assertion, that these two entities are not insureds, contending that the Policy should be "reasonably construed" to extend to these two Plaintiffs "based on the information provided to Berkshire during the underwriting," and based upon the handling of a Massachusetts workers compensation funeral expense claim against Holyoke. (D.E. 11, at 4, ¶¶ 15, 16, at 10-11, ¶¶ 41-45, at 14, Wherefore clause (3)).  However, even if waiver and estoppel claims are viable (they are not), such claims are not claims made under the Policy as an insured.  *See, e.g., Family Care Ctr, P.A. v. Truck Ins. Exch,* 875 So. 2d 750, 754 (Fla. 4th DCA 2004)(a party that prevails on estoppel claim against insurer is still not an insured).  Florida does not consider the reasonable expectation of an insured in interpreting insurance policies. *Deni Assoc.,* 711 So. 2d at 1140. Whether Cannabis and Holyoke should be deemed to be insureds based upon actions and statements outside of the Policy does not give them the standing as an insured or justiciable claims as insureds under the Policy entitled to seek a declaration of BHHIC's duties to them under the Policy.  *SEC v. Complete Bus. Sols. Grp., Inc.,* No. 20-CV-81205-RAR, 2023 U.S. Dist. LEXIS 170695, *5 (S.D. Fla. Sep. 6, 2023) (third party to insurance contract who is not a judgment creditor of insured has no standing to bring declaratory judgment action as to liability policy).

Furthermore, the claims by Cannabis and Holyoke as non-insureds should be dismissed for failure to state a cause of action for declaratory relief. These Plaintiffs

seek a declaration that "Trulieve complied with its obligations under applicable law to obtain workers' compensation insurance coverage as it relates to the facility in Holyoke, Massachusetts where Ms. McMurrey performed work."  This request appears to be on behalf of all three Plaintiffs, two of whom are not a party to the insurance contract.   Consequently, Cannabis and Holyoke have no standing.  Additionally, this Court cannot render a declaration regarding Plaintiffs' compliance with Massachusetts Workers' Compensation Law obligations as the request does not seek an interpretation of a provision of the Policy.  *Saltponds,* 2021 U.S. District LEXIS at *5.  Instead, Plaintiffs seek a determination which rests upon facts as to when Massachusetts law requires workers compensation coverage, and a determination that these Plaintiffs should be deemed insured under waiver/estoppel principles.  Declaratory relief as to an insurance policy does not extend to such questions.  *Cf. Id.* (declaratory relief is not available to settle factual questions upon which coverage questions turn under a clear and unambiguous policy); *Family Care,* 875 So. 2d at 754 (a party that prevails on estoppel claim against insurer is still not an insured).

### C.  The Case Should be Dismissed for Improper Venue

As venue is improper, this Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3).  The Amended Complaint asserts that venue is

proper under 28 U.S.C. § 1391(b)(2), which states that a civil action may be brought in:

> A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated there.

At issue are allegations that BHHIC disclaimed coverage and failed to defend the Plaintiffs in the ongoing Massachusetts Lawsuit.  While the Amended Complaint alleges that the Policy was issued and delivered to the named insured, Trulieve, Inc., in Florida, the Policy provides workers compensation and employer liability coverage in relation to Massachusetts' employees and employers with Massachusetts' policy endorsements governing such claims. (DE. 11-1 at 158-168). Importantly, the sole nexus to Florida is that two of the three Plaintiffs have their principal place of business in Florida.  The Amended Complaint alleges that BHHIC had an obligation to defend the Florida insured as well as other non-Florida companies in the Massachusetts Lawsuit on the basis that the McMurrey decedent in the Massachusetts Lawsuit should be deemed an employee of Plaintiffs in Massachusetts triggering defense duties in Massachusetts under the Policy. (D.E. 11 at 13, ¶ 59).

Venue rests in Massachusetts and not Florida. Under Eleventh Circuit precedent, in evaluating whether venue is proper under § 1391(b)(2), the Court is to consider "only those locations hosting a 'substantial part' of the events" with a "close

nexus to the wrong." *Accelerant Specialty Ins. Co. v. Tran,* No. 6:23-cv-134, 2023 U.S. Dist. LEXIS 199634, *5 (M.D. Fla. Nov. 7, 2023)(citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)).  Here, the allegations reflect that the substantial part of the events occurred in Massachusetts.

This Court has noted that while a split of authority exists as to whether venue is proper in the district where coverage was denied, where the underlying coverage dispute arose or both, *Nautilus Ins. Co. v. All Ins. Restoration Servs.,* No. 4:20-cv-505, 2021 U.S. Dist. LEXIS 99994, *4, 2021 WL 2043418 (N.D. Fla April 23, 2021), the focus is the actions and omissions by the defendant that give rise to the lawsuit. *Id.,* at *4 (citing *Jenkins Brick*, 321 F. 3d at 1373). Here, the actions or omissions by BHHIC are the refusal to defend the Plaintiffs in the Massachusetts Lawsuit alleging claims under Massachusetts law for injuries suffered in Massachusetts by a Massachusetts resident.  *See, e.g., Id.* (issue was a duty to defend or indemnify a claim originally filed against the insured in the Northern District of Florida, and thus venue in the district was proper); *Sterling Wholesale, LLC v. Travelers Indemn. Co.,* No. 12-60500-Civ-Williams, 2012 U.S. Dist. LEXIS 89358, *6-7, 2012 WL 1991456 (S.D. Fla. 2012)(proper venue for declaratory judgment action seeking a determination of a duty of defense and indemnification as to a litigation pending in the Eastern District of New York was not Florida, because the relevant wrongful action was the denial of coverage and failure to defend and

indemnify the insured in the out of state litigation). Venue is improper in Florida and the case should be dismissed.

### D. In the Alternative, the Case Should Be Transferred to the Western Division of the U.S. District Court of Massachusetts

Alternatively, this Court should transfer this case pursuant to 28 U.S.C. 1441 to the Western Division of the U.S. District Court in and for Massachusetts. In determining whether to transfer the case, the court undertakes a two-pronged analysis of a) whether the case could have been brought in the desired district and, b) if so, the following factors should be considered, with no one factor determinative: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1, 1137 (11th Cir. 2005).

As to the first prong, the action could have been brought in Massachusetts. BHHIC does business in Massachusetts and issued the Policy to provide Massachusetts Workers Compensation coverage. The Plaintiffs are all currently

defendants in the Massachusetts Lawsuit and are alleged to have operated in Massachusetts.

As to the second prong factors, the tort claim at issue occurred in Massachusetts. The Plaintiffs' claim that the decedent was employed by them in Massachusetts will rest upon facts that occurred in Massachusetts and rest upon relevant documents and employment witnesses located in Massachusetts and will be governed by Massachusetts law. BHHIC's refusal to defend the Plaintiffs in the Massachusetts Lawsuit occurred in Massachusetts. The locus of operative facts is Massachusetts and the persons with knowledge as to the decedent's employment are all in Massachusetts. The Claimant Personal Representative is a resident of Massachusetts (D.E. 11-3 at 7, ¶ 3), and service and personal jurisdiction upon her could be obtained in Massachusetts since, as asserted herein, she is an indispensable party. The state of Massachusetts would have an interest in the liability of Massachusetts' businesses to nonemployees for workplace injuries in Massachusetts and would also have an interest in the determination of who is an employee under Massachusetts law. *See, e.g., Essex Ins. Co. v. DiMucci Dev. Corp. of Ponce Inlet,* No. 14 C7234, 2015 U.S. Dist. LEXIS 28710, *7, 2015 WL 1137648 (E.D. Ill. March 10, 2015)(transferring declaratory judgment to Florida in part given Florida's interest in interpreting insurance policies over construction of residential buildings

located in Florida). The convenience of the parties and witnesses (if litigation continues and is not resolved by this motion) will be in Massachusetts.

### E. The Case Should be Dismissed for Failure to Join the Claimant, an Indispensable Party

The Amended Complaint seeks a determination that Plaintiffs are being sued as employers of the decedent and that Plaintiffs obtained Massachusetts workers compensation insurance. (D.E. 11 at 13, ¶ 59, at 14, Wherefore clause 2.). In contrast, the Massachusetts Lawsuit specifically asserts that the decedent was employed by a non-party. (D.E. 11-3 at 9, ¶ 12). The Massachusetts Lawsuit is being brought under the Massachusetts Wrongful Death Act and is not being brought under Massachusetts Workers Compensation law. (D.E. 11-3 at 13-16, Wherefore clauses). The Amended Complaint, while not expressly seeking in the prayer a declaration as to coverage, specifically pleads the Massachusetts Lawsuit is covered under the Policy, (D.E. 11 at 13, ¶¶ 59-60), which by its terms only extends to insureds as employers. (D.E. 11-1 at 2, 62-65). Accordingly, the claimant is an indispensable party as to a determination regarding whether a) the decedent was an employee of Plaintiffs; b) whether workers compensation coverage is triggered thereby triggering workers compensation as the exclusive remedy; and c) whether coverage under the Policy extends to her claim, making her an indispensable party to this litigation.

To determine if a party is indispensable, the Court is to first determine whether the person should be joined under Rule 19(a), with pragmatic concerns controlling.

*Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263, 1279-80 (11th Cir. 2003). If the person should be joined but cannot be, the Court is to apply the factors listed in Rule 19(b). *Id.*

Tort claimants are indispensable parties to insurance declaratory judgment coverage actions as the claimants' interests are affected and their absence would cause prejudice. *See, e.g., Ranger Ins. Co. v. United Housing of New Mexico, Inc.,* 488 F.2d 682, 683-84 (5th Cir. 1974). Eleventh Circuit precedent requires the joining of a judgment creditor or plaintiff in the underlying tort suit where resolution of the declaratory judgment action would affect the collection of such claims or judgments. *American Safety Cas. Ins. Co. v. Condor Associates, Ltd.,* 129 F. App'x 540, 542-43 (11th Cir. 2005), *GECIO Gen. Ins. Co. v. Gould,* No. 8:12-cv-1066-T35-TBM, 2012 U.S. Dist. LEXIS 194595, *4, 2012 WL 12904409, *2 (M.D. Fla. Sept. 4, 2012)(tort claimants are indispensable parties in insurance coverage declaratory judgment action as to duty to defend and indemnify); *Farbstein v. Wesport Ins. Corp.*, No. 16-CV-62361, 2016 U.S. Dist. LEXIS 179211, *5, 2016 WL 7451728, *2 (S.D. Fla. Dec. 28, 2016).

In addition, while generally a tort claimant is not an indispensable party to a determination as to the duty to defend, *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1302-03 (11th Cir. 2022), in this litigation, the allegation that a duty to defend rests upon the Plaintiffs' assertion that the Massachusetts Lawsuit should be viewed

as asserting a claim on behalf of a deceased employee against an employer insured under the Policy. Whether the Massachusetts Lawsuit should be construed as asserting a claim against the Plaintiffs as employers is a determination in which the McMurrey Claimant has a substantive interest since an employee's tort claim may be limited by Massachusetts' workers compensation law. Finding a duty to defend or a duty to indemnify under the Policy requires a determination that the decedent was an employee of Plaintiffs - a finding in which the McMurrey Claimant has an interest in light of her allegations in the Massachusetts Lawsuit that a non-party, not any of Plaintiffs, was the decedent's employer. Accordingly, in this declaratory action involving the duty to defend and seeking other determinations, the McMurrey Claimant, a Massachusetts resident, is an indispensable party.

The Amended Complaint does not provide any basis for hailing into Florida Court the Massachusetts Personal Representative of a Massachusetts decedent whose wrongful death occurred in Massachusetts. There is no basis to exercise Florida jurisdiction over the McMurrey Claimant given the absence of any connection by her to Florida, and this action should not proceed under Rule 19(b) without her.

### F. The Allegations as to Waiver and Estoppel and Attorneys' Fees Should be Stricken

This Court has the authority to strike matters pled that have no possible relationship to the controversy and will confuse the issues or cause prejudice. *Blake*

*v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters. *Id.; Liberty Media Holdings, LLC v. Wintice Group, Inc.,* No. 6:10-cv-44-ORL-19GJK, 2010 U.S. Dist. LEXIS, *2, 58683, 2010 WL 2367227, *1 (M.D. Fla. June 14, 2010).

Since Cannabis and Holyoke are not insureds under the express terms of the Policy, allegations as to them are impertinent and immaterial to a declaratory judgment action seeking a ruling on obligations of a policy to which they are not a party. The Amended Complaint erroneously attempts to extend coverage by waiver or estoppel to non-insureds based on actions by the insurer or its agent and not based upon an express terms of the Policy. These allegations of waiver and estoppel relate to a separate action seeking to impose coverage outside of the Policy terms. Consequently, the allegations are immaterial to this declaratory judgment action and should be stricken. Additionally, it would be prejudicial to require BHHIC to litigate statements and actions which are not relevant to the declaratory judgment claim. Furthermore, Plaintiffs' waiver and estoppel claims are asserted under Florida law which provides that waiver and estoppel based upon the conduct of the insurer or the agent do not create coverage, absent certain exceptions which are not pled. *Doe v. Allstate Ins. Co.*, 625 So. 2d 371, 373 (Fla. 1995); *see, e.g., Family Care Ctr*, 875 So. 2d at 754 (party that prevails on estoppel claim is still not an insured).

The Court should also strike Plaintiffs' prayer for relief as to attorneys' fees because the relief sought is unsupported at law. *See, e.g., Saravia v. Hunter,* No. 23-60469-CIV-Scola/Goodman, 2023 U.S. Dist. LEXIS 120503, *4, 2023 WL 5105343 (S.D. Fla. July 13, 2023). Plaintiffs seek to recover fees under section 627.428, Florida Statutes, and section 626.9373, Florida Statutes. As discussed above, Cannabis and Holyoke are not insureds such that the statutes would not provide a basis for them to seek fees. More importantly, no basis exists to recover fees for any Plaintiff under the statutes because they were repealed by Chapter 2023-15, §§ 10 and 11, effective March 24, 2023, and such act applies to "causes of action filed after the effective date of this act," Ch. 2023-15, § 30, Laws of Fla. *Go 770 Mgmt. LLC v. Mt. Hawley Ins. Co.,* No. 24-cv-61176-BLOOM/Elfenbein, 2024 U.S. Dist. LEXIS 194333, at *13 n.3 (S.D. Fla. Oct. 25, 2024); *State Farm Mut. Auto. Ins. Co. v. At Home Auto Glass LLC,* No. 8:21-cv-239-TPB-AEP, 2024 U.S. Dist. LEXIS 176615, *3, 2024 WL 4349246, at *1 (M.D. Fla. Sept. 30, 2024). Sections 627.428 and 626.9373 do not apply to this action, and the demand for fees should be stricken.

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1 B

Counsel for Defendant hereby certifies that she has conferred December 6, 2024, with counsel for Plaintiffs by telephone conference, and no agreement could be reached regarding the relief sought by this motion.

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 7.1(F)</u>

The word count of the foregoing document, motion and memorandum combined, inclusive of case style, signature block, and certificate, according to the word processing system is 6,529.

Respectfully submitted this 9th day of December 2024.

**MARKS GRAY, P.A.**

*/s/ Carol M. Bishop*
**CAROL M. BISHOP, Lead Counsel**
Florida Bar No.: 821357
**JULIANNA R. FAVALE**
Florida Bar No.: 1032046
cbishop@marksgray.com
jfavale@marksgray.com
cthomas@marksgray.com
1200 Riverplace Blvd., Ste 800
Jacksonville, FL 32207
Telephone:  (904) 398-0900
*Attorney for Defendant Berkshire Hathaway Homestate Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 9, 2024, a true and correct copy of the foregoing was served through the CM/ECF system which will send a notice of electronic filing on all counsel of record.

Matthew B. Weaver, Esquire
REED SMITH LLP
200 S. Biscayne Blvd., 26th Floor
Miami, Florida 33131
mweaver@reedsmith.com
*Attorneys for Plaintiffs*

*/s/ Carol M. Bishop*
Attorney
