UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRULIEVE INC., et al.

    Plaintiffs,

vs.                             CASE NO.: 4:24-CV-422-AW-MAF

BERKSHIRE HATHAWAY
HOMESTATE INSURANCE
COMPANY and TRISURA
SPECIALTY INSURANCE
COMPANY,

    Defendants.
_____/

**DEFENDANT, TRISURA SPECIALTY INSURANCE COMPANY'S
MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**

Defendant, TRISUA SPECIALTY INSURANCE COMPANY (hereinafter "Trisura"), by and through undersigned counsel, hereby moves to dismiss the Amended Complaint, D.E. 11, with prejudice for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), with incorporated memoranda of law, and in its favor, states as follows:

                    **I.    SUMMARY OF ARGUMENT**

1. Plaintiffs, TRULIEVE, INC., TRULIEVE CANNABIS CORP., and TRULIEVE HOLYOKE HOLDINGS, LLC, (collectively hereinafter "Plaintiffs"), seek in their Amended Complaint declarations that Trisura owes a duty to defend

Plaintiffs under a Commercial General Liability ("CGL") insurance policy, along with an award of damages to include attorney's fees and costs. The insurance obligations arise out of the "McMurrey Lawsuit," attached to and incorporated within the Amended Complaint. The McMurrey Lawsuit allegedly involves "Lorna L. McMurrey," an employee of Life Essence, Inc., suffering bodily injury and death while in the course and scope of her employment. Am. Compl., DE 11, at ¶¶ 28-39.

2. Trisura moves to dismiss the Amended Complaint on the basis that under the Trisura Policy, the Amended Complaint does not state a cause of action. The Trisura Policy is a CGL policy and includes four (4) separate, individually sufficient, exclusions applicable to the McMurrey Lawsuit. The Amended Complaint and the McMurrey Lawsuit both plainly allege injuries to an employee within the scope and course of her employment of Life Essence, Inc. The Plaintiffs, along with the alleged employer, Life Essence, Inc., are all identified as named insureds under the Trisura Policy. McMurrey Lawsuit, DE 11-3, at ¶¶ 1, 23 – 35.

## II.   ARGUMENT WITH INCORPORATED MEMORANDA OF LAW

3. "Under Florida law, the determination of an insurer's duty to defend falls under the so-called 'eight corners rule,' the name of which refers to the four corners of the insurance policy and the four corners of the underlying complaint." *Addison Ins. Co. v. 4000 Island Blvd. Condo. Ass'n, Inc.*, 721 Fed. Appx. 847, 854 (11th Cir. 2017) (citing *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d

174, 182 (Fla. 4th DCA 2015)). "Determining whether the duty to defend is triggered involves a comparison between the insurance policy at issue and 'the facts and legal theories alleged in the pleadings and claims against the insured.'" *Scott, Blane, & Darren Recovery, LLC v. Auto-Owners Ins. Co.*, 727 F. App'x 625, 631 (11th Cir. 2018). In other words, there is no extrinsic evidence or contract interpretation necessary.

4.  Taking the allegations of the Amended Complaint and its attachments as true, Trisura issued to TRULIEVE, INC., and Trulieve Holdings, Inc., a CGL Policy covering the period of November 1, 2021, to November 1, 2022. See Trisura Policy, D.E. 11-2, at 3 & 14. The Trisura Policy includes an Additional Named Insured Schedule naming all three Plaintiffs and Life Essence, Inc., as named insureds. Trisura Policy, D.E. 11-2, at 13. The McMurrey Lawsuit identifies Life Essence, Inc., as Ms. McMurrey's employer. See McMurrey Lawsuit, D.E. 11-3, ¶ 12.

5.  "[A]n insurer has no duty to defend a suit against an insured if the complaint upon its face alleges a state of facts that fails to bring the case within the coverage of the policy." *Scott, Blane, & Darren Recovery, LLC*, 727 Fed. Appx. at 631. (quoting *McCreary v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So. 2d 692, 695 (Fla. 4th DCA 1999)). The same is true if the "complaint alleges facts that clearly bring the entire cause of action within a policy exclusion."

3

*Id.* (quoting *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 815 (Fla. 1st DCA 1985)).

6. The Trisura Policy includes multiple applicable exclusions. Each exclusion individually suffices to exclude the CGL coverage—both indemnity and defense—from the McMurrey Lawsuit. Trisura Policy, D.E. 11-2, at 22 para 1(a). Each exclusion's reference to "insured" or "you" or "your" clearly includes each and all Plaintiffs and Life Essence, Inc., due to all four (4) entities being designated as named insureds. The CGL preamble states:

> Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured.

*Id.* at 22. The CGL preamble defines the word "insured" to include all Plaintiffs and Life Essence, Inc. As a result, each exclusion's use of the word "insured" includes Life Essence, Inc.

7. The first applicable exclusion is "Employer's Liability." Trisura Policy, D.E. 11-2, at 23. The "Employer's Liability" exclusion provides that "[t]his insurance does not apply to . . . 'bodily injury' to: (1) *An "employee" of the insured* arising out of and in the course of: (a) *Employment by the insured*; or (b) Performing duties related to the conduct of *the insured's business* . . . ." *Id.* (emphasis supplied). The "Employer's Liability" exclusion "applies whether the insured may be liable as

4

an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury."

8. The second applicable exclusion is "Pollution." <u>Trisura Policy, DE 11-2, at 23 ¶ f.</u> The exclusion applies to "bodily injury . . . arising out of the actual [or] alleged . . . discharge, dispersal, seepage, migration, release, or escape of 'pollutants': at or from any premises, site or location which is or was at any time <u>*owned or occupied*</u> by, or rented or loaned to, *any insured.*" *Id.* (emphasis supplied). The McMurrey Lawsuit alleges that Plaintiffs "owned and/or operated the Facility." <u>See McMurrey Lawsuit, DE 11-3, at 9 ¶ 13.</u> "Facility" refers to the cannabis production facility located at 7 N. Bridge Street (formerly known as 56 Canal Street), Holyoke, Massachusetts (the "Facility"). Additionally, the address of the "Facility" is listed on the Trisura Policy's declarations of premises the named insured's *own*, rent or occupy. <u>See Trisura Policy, DE11-2, at 15 & 21 line 228 (emphasis supplied).</u> Similarly, coverage is excluded for any

> bodily injury arising out of the actual [or] alleged . . . discharge, dispersal, seepage, migration, release or escape of 'pollutants': . . . At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the 'pollutants' are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

*Id.* at 23 ¶ f(1)(d).

9.      "Pollutants" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." Trisura Policy, DE 11-2, at 38 ¶ 15. The McMurrey Lawsuit alleges bodily injury arising from "hazardous airborne ground cannabis dust and/or mold." McMurrey Lawsuit, DE 11-3, at ¶ 1. The alleged pollutant in the McMurrey Lawsuit clearly falls under the definition of pollutants. The Facility from the McMurrey Lawsuit was allegedly owned by the Plaintiffs. The Trisura Policy identifies it as a location owned by Plaintiffs. The Trisura Policy clearly excludes the alleged bodily injury to Ms. McMurrey arising out of exposure to pollutants at a facility "owned or operated by any insured."

10.     The third applicable exclusion is "Pesticides Pest and Bugs, Virus, Bacteria, or Fungal Disease." *Id.* at 42 ¶ 10. The endorsement excludes coverage for "bodily injury" "actually or allegedly arising out of: . . . Exposure to or presence of plant viruses or fugal disease or bacteria, including but not limited to . . . *mold* . . . . *Id.* at 42 ¶ 10(3). The exclusion applies to Plaintiffs' coverage in the McMurrey Lawsuit, because the McMurrey Lawsuit alleges bodily injury from "hazardous airborne ground cannabis dust and/or *mold*." McMurrey Lawsuit, DE 11-3, at ¶1.

11.     The fourth applicable exclusion is "Exclusion-Occupational Disease." Trisura Policy, DE 11-2, at 43 ¶ 11. The endorsement excludes insurance coverage

6

for "any 'bodily injury' to *any insured's employee(s)* arising from an 'occupational disease.'" *Id.* "Occupational disease" is defined as

> any physical . . . disease, condition or disability of any employee(s) of an insured arising out *of the insured's operations or conditions of employment*, including any disease, condition or disability from a repetitive operation *or any contact with, handling of, inhalation, absorption or exposure to any environmental, chemical, or toxic agent or substance* including any dust or fumes there from arising out of the insured's operations.

*Id.* (emphasis supplied). Furthermore, the insurance does not apply to

> any 'bodily injury' to any person or any claims by any person that they sustained 'bodily injury' . . . arising out of any contact with, handling of, inhalation, absorption or exposure to any environmental, chemical or toxic agent or substance, including any dust or fumes there from, arising out of the insured's operations.

12. These exclusions clearly apply to the McMurrey Lawsuit, which alleges "a severe asthma attack as a result of exposure to hazardous airborne ground cannabis dust and/or mold" allegedly sustained by Ms. McMurrey, an employee of Life Essence, Inc., while she worked in the Facility to "process, sort, and package cannabis product that would ultimately be sold to the public with 'Trulieve' branding." McMurrey Lawsuit, DE 11-3, at ¶¶ 1, 12-35.

13. All told, there are four applicable exclusions precluding insurance coverage for Plaintiffs. Each of these exclusions defines "insured" to include Life Essence, Inc. The McMurrey Lawsuit's allegation that Life Essence, Inc., employed Ms. McMurray does not defeat the exclusions' applicability. Moreover, the

7

Occupational Disease and Pollution exclusions specifically exclude coverage for any "occupational disease" to *any insured's employee(s)*.

14. Plaintiffs and Trisura agree that Florida law applies to the interpretation of the Trisura Policy. *See also Sphinx Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 412 F.3d 1224, 1227 (11th Cir. 2005); *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006). Trisura's motion to dismiss is based on the plain meaning of the Trisura Policy. The terms of the policy conflict with the allegations of the Amended Complaint. As a result, the Trisura Policy terms trump the allegations of the Amended Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

15. The question of the extent of coverage under an insurance policy is a question of law. *Coleman v. Florida Ins. Guaranty Association*, 517 So. 2d 686, 690 (Fla. 1988). "Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." *Prudential Property & Cas. Ins. Co. v. Swindal*, 622 So. 2d 467, 470 (Fla. 1993). The "interpretation of an insurance contract is a question of law, to be decided by the court." *Florida Farm Bureau Gen. Ins. Co. v. Fisher*, 859 So. 2d 557, 558 (Fla. 1st DCA 2003) (citation omitted).

16. Dismissal of the Amended Complaint comes down to the fact that any of the four (4) referenced policy exclusions clearly preclude coverage. The Amended Complaint does not allege facts that fairly and potentially bring the suit within policy coverage. As a result, there is no duty to defend. *See Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442-43 (Fla. 2005). "[T]he insurer has no duty to defend when the pleadings show the applicability of a policy exclusion." *Travelers Indem. Co. v. Richard McKenzie & Sons, Inc.*, 10 F. 4th 1255, 1261 (11th Cir. 2021) (quoting *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35 (Fla. 4th DCA 2003).

17. The Eleventh Circuit Court of Appeals explained in *Amerisure Ins. Co. v. Orange & Blue Constr., Inc.*, the panoptic reason why these exclusions exist: "Unlike worker's compensation insurance or employer's liability insurance, which exist to provide employers with coverage for injuries that occur to employees during the scope of employment, the sole purpose of commercial general liability insurance is to provide coverage for injuries that occur to the public-at-large." 545 Fed. Appx. 851, 855 (11th Cir. 2013). "The logic in the exclusion from coverage . . . is simple and compelling: the only coverage intended, and for which the premium has been paid, is the liability of the insured to the public, as distinguished from liability to the insured's employees." *Id.* (quoting *Fla. Ins. Guar. Ass'n, Inc. v. Revoredo*, 798 So. 2d 890, 890 (Fla. 3d DCA 1997)).

18. In summary, there is no coverage, and therefore, no duty to defend, due to four (4) separate policy exclusions. Interpreting the Trisura Policy exclusions to

apply to preclude coverage is a matter of law, sufficient and suitable for this Court to rule on in a motion to dismiss for failure to state a cause of action. Trisura respectfully requests the Court enter an order dismissing Count II of the Amended Complaint with prejudice.

RESPECTFULLY SUBMITTED, on this 13th day of January, 2025.

**QUINTAIROS, PRIETO, WOOD & BOYER, P. A.**
*/s/ Christopher D. Hastings*_____
**WILLIAM E. GRUBBS, ESQ. (FBN: 076907)**
**CHRISTOPHER D. HASTINGS (FBN: 120104)**
227 N. Bronough Street, Suite 7400
Tallahassee, FL 32301
Telephone: (850) 412-1042
Facsimile: (850) 412-1043
Email: wgrubbs@qpwblaw.com
Email: christopher.hastings@qpwblaw.com
Email: gail.clark@qpwblaw.com
Email: myra.mitchell@qpwblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via CM/ECF on this 13th day of January, 2025, to all counsel of record.

*/s/ Christopher D. Hastings*
**ATTORNEY**